IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG ALEXANDER, | : | |
| Petitioner, | : | 1:14-cv-2423 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN DAVID EBBERT, | : | |
| Respondent. | : | |

**MEMORANDUM**

**April 20, 2015**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On December 22, 2014, Petitioner, Craig Alexander, an inmate presently

confined at the United States Penitentiary in Lewisburg, Pennsylvania, filed the

instant petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2241.

(Doc. 1).  Petitioner claims that his due process rights were violated during the

course of a prison disciplinary hearing held at the United States Penitentiary in

Pollock, Louisiana, where he was charged with the prohibited act of possessing

intoxicants.  (Doc. 1, pp. 13-16).

The Court directed service of the petition on December 30, 2014 and

directed Respondent to file a response.  (Doc. 4).  On January 20, 2015,

Respondent filed a response and supporting exhibits.  (Doc. 7).  On February 2,

2015, Petitioner filed a document titled "motion for default judgment", which is

essentially a reply to Respondent's response.  (Doc. 8).  The Court will construe

this document as Petitioner's traverse.  Petitioner subsequently filed exhibits in

support of his petition.  (Doc. 9).  The petition is ripe for disposition and, for the

reasons set forth herein, the petition will be dismissed for failure to state a

cognizable habeas corpus claim.

## I.      FACTUAL BACKGROUND

Petitioner states that on August 15, 2005, he was charged in Incident Report

Number 1368971, with possessing intoxicants, a Code 222 violation.  (Doc. 1, pp.

13-14; Doc. 7-1, Ex. 1, Attach. B, Inmate Discipline Data Chronological

Disciplinary Record, p. 4).

On August 15, 2005, Petitioner appeared before the Discipline Hearing

Officer, ("DHO").  (Doc. 7-1, Ex. 1 at ¶ 4, Declaration of L. Cunningham; Doc. 7-

1, Ex. 1, Attach. B, Inmate Discipline Data Chronological Disciplinary Record, p.

4).  Following a hearing, the DHO determined that Petitioner had committed the

prohibited act of possessing intoxicants.  (*Id.*).  Petitioner was sanctioned to a six

(6) month loss of commissary and visitation privileges (though he was permitted

visitation with immediate family), and thirty (30) days disciplinary segregation

(suspended 180 days pending clear conduct).  (*Id.*).  Petitioner did not lose any

good conduct time as a result of the misconduct.  (Doc. 7-1, Ex. 1 at ¶ 5,

Declaration of L. Cunningham).  Additionally, the result of the hearing did not affect the release date of the life sentence Petitioner is currently serving.  (*Id.*).

On September 15, 2014, Petitioner filed an administrative remedy requesting the expungement of numerous incident reports for possessing intoxicants.  (Doc. 7-1, Ex. 1 at ¶ 8, Declaration of L. Cunningham; Doc. 7-1, Ex. 1, Attach. A, Administrative Remedy Generalized Retrieval, p. 11).  The remedy was rejected and Petitioner was advised that each incident report must be appealed separately.  (*Id.*).  Petitioner was further advised that he had twenty (20) days from each DHO report to file an appeal.  (*Id.*).  Petitioner appealed this rejection to the Central Office.  (Doc. 7-1, Ex. 1 at ¶ 8, Declaration of L. Cunningham; Doc. 7-1, Ex. 1, Attach. A, Administrative Remedy Generalized Retrieval, p. 21).  The appeal was rejected and the Central Office directed Petitioner to follow the directions provided in the Regional Office's rejection notice.  (Doc. 7-1, Ex. 1, Attach. A, Administrative Remedy Generalized Retrieval, p. 21).

## II.   DISCUSSION

Liberty interests protected may arise either from the Due Process Clause itself or from statutory law.  *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002).  It is well-settled that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings

does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, the

Supreme Court found that there can be a liberty interest at stake in disciplinary

proceedings in which an inmate loses good conduct time. *Id.* Petitioner, however,

fails to make a cognizable due process claim as the disciplinary sanctions he

received do not implicate any liberty interest that are protected by the Due Process

Clause. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002) (affirming

dismissal of habeas petition where disciplinary sanctions did not result in the loss

of good conduct time). To invoke the Due Process Clause, Petitioner must first

identify a liberty interest that has been violated. *Wilkinson v. Austin*, 545 U.S. 209,

221 (2005). Prisoners are entitled to due-process protection only when the

disciplinary action results in the loss of good conduct time or when a penalty

"imposes atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In the instant action, Petitioner does not allege he lost any good-time credits

and his Disciplinary Record confirms that he did not lose any good conduct time.

Rather, Petitioner's disciplinary infractions resulted only in a temporary loss of

commissary and visitation privileges, and temporary placement in disciplinary

segregation, which do not implicate protected liberty interests as they did not result

in any atypical or significant hardships in relation to the ordinary incidents of

prison life.  *See, e.g.*, *Robinson v. Norwood*, 535 Fed. Appx. 81, 83 (3d Cir. 2013)

(placement in administrative segregation for days or months at a time does not

implicate a protected liberty interest); *Gonzelez v. Zickenfoose*, 2014 WL 257850,

at \*2 (M.D. Pa. 2014) (the temporary loss of commissary, visitation and email

privileges do not "implicate a protected liberty interest as they do not result in any

atypical or significant hardships in relation to the ordinary incidents of prison

life").

Petitioner challenges the sufficiency of the evidence to find him guilty of the

charge of possessing intoxicants.  (Doc. 1, pp. 6-7, 14-16).  Based upon the alleged

due process violations, Petitioner asserts that this Court should grant his habeas

petition, expunge the incident report, and restore all privileges lost in connection

with the misconduct.  (Doc. 1, p. 8).  However, where Petitioner was not

sanctioned with a loss of good conduct time, but instead was sanctioned with

temporary loss of commissary and visitation privileges, and temporary placement

in disciplinary segregation, no liberty interest was implicated, and thus he has no

basis to assert these alleged violations of his due process rights through a habeas

corpus petition.  *See Leamer*, 288 F.3d at 540-42; *Castillo v. FBOP FCI Fort Dix*,

221 Fed. Appx. 172 (3d Cir. 2007).  Thus, the petition for writ of habeas corpus

will be dismissed.

A separate Order will be issued.